UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:05CV-734-H

WILLIAM BRADLEY                                          PLAINTIFF

V.

LOUISVILLE COMMUNICATIONS, L.L.C.              DEFENDANT

**MEMORANDUM OPINION**

      This case involves a dispute about the enforceability of a private arbitration proceeding conducted under the auspices of the American Arbitration Association (the "AAA"). Plaintiff, William Bradley ("Bradley"), has filed an application for an order confirming the arbitration award under the Federal Arbitration Act, 9 U.S.C. § 9 (the "FAA"), invoking the diversity jurisdiction of this Court.

      Courts should exercise limited prerogative when reviewing the results of a fairly conducted arbitration agreed upon by the parties. While Defendant, Louisville Communications, LLC (the "Company") vehemently disputes the analysis and result of this arbitration, the Court can find no principled basis for substituting its own view for that of the arbitrator.

I.

      Bradley joined the Company in late 2000 as general manager of the KBKI radio station in Louisville, Kentucky. He signed several employment agreements, the last of which on December 27, 2001 (the "Employment Agreement"). The course of Bradley's tenure as KBKI

general manager did not go particularly well and the relationship between the parties eventually deteriorated over time. Consequently, on November 15, 2002, the Company determined to terminate Bradley for cause. As provided for and required in the Employment Agreement, Bradley filed a complaint under the rules of the AAA challenging his termination. He asked for a contractual severance pay.

As provided for under AAA rules, the parties began by choosing a neutral arbitrator, Patricia Bittel (the "Arbitrator"). Initially, the Company moved for summary judgment as to all of Bradley's claims. On January 2, 2004, the Arbitrator ruled on that motion, (1) sustaining the Company's argument that Bradley failed to substantially perform his contractual obligations, (2) denying its motion as to Bradley's defense of impossibility of performance, condition precedent and frustration of purpose, and (3) also denying its motion as to the enforceability of the covenant not to compete. Thereafter, in July, 2004, and May, 2005, the Arbitrator heard four days of testimony and argument.

On September 6, 2005, the Arbitrator issued a sixteen-page opinion awarding Bradley $195,700 in severance pay under the Employment Agreement. The Arbitrator divided the costs equally among the parties. In summary, the Arbitrator made the following findings of fact and conclusions:

  1. Disagreeing with the Company's position, the Arbitrator found that the reason for Bradley's termination was not material misconduct or failure to follow instructions. She found the actual reason that the Company terminated Bradley to be his failure to meet his established budget. Consequently, to the extent the Company asserted misconduct as a basis for termination, such a reason was without support in the evidence.

2.     The Employment Agreement gave Bradley responsibility for, among other things, "directing management of the sales and marketing efforts of the station." The Arbitrator found that marketing and sales are interdependent and that marketing is intertwined with promotional efforts and with the generation of revenue. She concluded that even though the Employment Agreement gave him responsibility for station marketing or promotional efforts, Bradley was told not to involve himself in those areas.

3.     The Company breached its obligations under the Employment Agreement by precluding Bradley from controlling sales and marketing at the station. Because marketing efforts are so directly tied to revenue, the Arbitrator concluded that the Company was estopped from terminating him for cause when he failed to meet his budget. Thus, Bradley's termination was without cause.

4.     The covenant not to compete is enforceable for one year following termination, even though the termination was without cause.

5.     Bradley is not entitled to statutory remedies under KRS 337.385(1).

After issuance of the Arbitrator's decision, the Company, believing that the award was unlawful, refused to pay. Therefore, on October 31, 2005, Bradley filed this lawsuit to enforce the Arbitrator's award. Bradley's arguments are predictable: that the Arbitrator's award is supported by sufficient evidence and is within the Arbitrator's authorized scope and authority. The Company's argument requires considerably more mental calisthenics. First, the Company argues that because the Arbitrator failed to decide certain factual issues that were essential to reaching a decision such as whether ratings determine profitability, the Arbitrator had imperfectly exercised her jurisdiction. Second, the Company argued that the Arbitrator made

mistakes of undisputed fact, such as that (a) promotions were related to marketing, (b) Bradley had contractual control of programming, (c) Bradley's lack of control over programming affected his ability to meet budget and (d) ratings were insufficient for Bradley to meet budget.

II.

Because the parties have chosen arbitration and agreed upon the Arbitrator, this Court is bound to accord her decision substantial deference. *Beacon Journal Publishing Company v. Akron Newspaper Guild, Local 7*, 114 F.3d 596, 599 (6th Cir. 1997). The review of the arbitration award is extremely limited. *Federated Department Stores, Inc. v. J.V.B. Industries, Inc.*, 894 F.2d 862, 866 (6th Cir. 1990). This Court may only determine whether the Arbitrator was arguably construing or applying the contract and, thereby, acting within the scope of her authority. *Beacon Journal Publishing Company v. Akron Newspaper Guild, Local 7*, 114 F.3d 596, 599 (6th Cir. 1997); *United Paperworkers Intern. Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 38 (1987). This Court should not attempt to make independent findings of fact and should not reject the Arbitrator's findings simply because it disagrees with them, even if convinced that she made a serious error. *Id*. If this Court finds that any line of argument is legally plausible and supports the award, then the award must be confirmed. *Merrill Lynch, Pierce, Fenner & Smith v. Jaros*, 70 F.3d 418, 421 (6th Cir. 1995).

The Court's role is also limited as to the Arbitrator's contract interpretations and other legal conclusions. The Supreme Court has explained that

> Because the parties have contracted to have disputes settled by an arbitrator chosen by them rather than by a judge, it is the arbitrator's view of the facts and of the meaning of the contract that they have agreed to accept. Courts thus do not sit to hear claims of factual or legal error by an arbitrator as an appellate court does in reviewing decisions of lower courts. To resolve

4

> disputes about the application of a[n]...agreement, an arbitrator must find facts and a court may not reject those findings simply because it disagrees with them. The same is true of the arbitrator's interpretation of the contract. The arbitrator may not ignore the plain language of the contract; but the parties having authorized the arbitrator to give meaning to the language of the agreement, a court should not reject an award on the ground that the arbitrator misread the contract. . . .

*United Paperworkers*, 484 U.S. at 37-38. The Court should overrule a conclusion of law only where the Arbitrator has acted with "manifest disregard of the law." *Jacada, Ltd. v. International Marketing Strategies, Inc.*, 401 F.3d 701, 712 (6th Cir. 2005), quoting *Merrill Lynch,* 70 F.3d at 421. For the reasons that follow, the Court concludes that none of the Arbitrator's findings of fact, analysis or conclusions of law meet the high standard required to overrule the Arbitrator's decision.

A.

It is not sufficient for the Company to say that inconsistencies between the decision on summary judgment and the Arbitrator's final award constitute a jurisdictional deficiency. The award must stand or fall on its own. Even though the Arbitrator commented that a factual dispute existed as to the impact of ratings on Bradley's performance, the Arbitrator is not bound to resolve that dispute in her final decision. The Arbitrator resolved the "for cause" dispute on grounds that the Company took away authority for promotions and marketing that could have affected revenue. It is not a jurisdictional flaw that the Arbitrator declined to decide the factual issue of rating trends. The factual issues that the Arbitrator did decide are sufficient to support the award.

B.

This Court concludes that the Arbitrator had sufficient grounds within the Employment

Agreement to find that Bradley had authority over promotions. Certainly, the Company disagrees with the interpretation and its practical application. However, the Arbitrator's conclusion is not without some basis in the Employment Agreement. Indeed, the Arbitrator makes a reasonable and logical case for the proposition that when the Employment Agreement gave Bradley responsibility for marketing, that delegation included the responsibility for promotions.

No one can dispute that the Company sought to exclude Bradley from involvement in certain promotional and marketing activities related to KBKI. By excluding Bradley in this manner, the Arbitrator concluded that the Company circumscribed Bradley's promised scope of authority. The Arbitrator's decision regarding estoppel is not long on legal analysis. Nevertheless, it makes sense that if the Company circumscribed Bradley's authority, it could not terminate him based on his failure to exercise that same authority.

The Company argues that revenues are tied entirely to ratings. Therefore, any curtailment of authority regarding marketing and promotions, the Company argues, would not affect revenues. The Arbitrator obviously concluded otherwise. Essentially, the Company asks the Arbitrator and this Court to believe that no amount of promotional or marketing efforts are likely to change revenue or ratings. While it is always possible that such a proposition is true, common logic suggests otherwise.

To be sure, the Company can weave together a persuasive case from various aspects of the hearing testimony. However, this Court simply cannot adopt a proposition that these factual and contractual interpretations are contrary to undisputed facts.

The Court recognizes this was a hotly disputed arbitration involving layers of corporate bureaucracy often operating across purposes and numerous personalties who failed to work together harmoniously. This Court does not know whether the Arbitrator's decision is absolutely correct or not. The Court is certain that it has an adequate quantity of evidence upon which to sustain its conclusions.

### III.

Finally, Bradley argues that he is entitled to double damages under KRS 337.385 and statutory interest from the date of the Arbitrator's award. The Court finds little basis for awarding double damages under the Kentucky statute. The Arbitrator considered it and rejected the argument based on the Employment Agreement. The Court finds no reason to disturb that conclusion.

The question of interest is quite another matter. Bradley had applied for a confirmation or judgment of the Arbitrator's award pursuant to the Federal Arbitration Act. Even though the Arbitrator did not specifically provide for interest in his award, Bradley now demands interest from the date of the arbitration award. Therefore, the question is whether this Court may impose either pre- or post-judgment interest to its confirmation order and judgment. Courts have not always been clear in their analysis of these issues. The Federal Arbitration Act does not specifically provide for interest. The arbitration award is not considered a federal judgment and, therefore, statutory interest does not automatically accrue from its date. *General Electric v. Anson Stamping Co.*, 426 F.Supp.2d 579, 597 (W.D. Ky. 2006) (ruling that the arbitration award at issue in the case "cannot be appropriately characterized as being a federal judgment"). The arbitration award is not a federal judgment as required by the plain language of 28 U.S.C. §

7

1961, the federal interest statute, and Bradley has cited no persuasive authority to the contrary. *General Electric*, 426 F.Supp.2d at 597.

Federal jurisdiction under the FAA must be premised upon an independent basis, not federal question jurisdiction arising from the FAA itself. *Ford v. Hamilton Investments, Inc.*, 29 F.3d 255, 257-59 (6th Cir. 1994). Here, the Court has jurisdiction based upon diversity of citizenship. In these circumstances, the award of pre-judgment interest is governed by state law. *General Electric*, 426 F.Supp.2d at 596. Under Kentucky law, interest on a liquidated claim follows as a matter of right. *General Accident Fire & Life Assur. Corp. v. Judd*, 400 S.W.2d 685, 687 (Ky. 1966). *See also Hale v. Life Insurance Co.*, 795 F.2d 22, 24 (6th Cir. 1986). The claim is liquidated if the amount of it is certain, even where, as here, the Company may have a meritorious basis for denying payment or appealing.

Bradley is entitled to pre-judgment interest because the amount of his claim was liquidated upon the date of the arbitration award. The appropriate statute to determine interest is KRS 360.040. *Id.* at 597. Therefore, the Court will award interest from September 6, 2005, at the rate of 12 percent per annum.

The Court will enter an order consistent with this Memorandum Opinion.


cc:	Counsel of Record